**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4491**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARYL WILKES, a/k/a D,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (CR-03-161)

———————

Submitted: April 24, 2006          Decided: May 26, 2006

———————

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, William D. Muhr, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Daryl Wilkes was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine, twenty counts of distributing cocaine base, nine counts of distributing cocaine, three counts of possession of a firearm in furtherance of a drug trafficking crime, two counts of possession with intent to distribute cocaine, and one count of possession with intent to distribute cocaine base. Wilkes was sentenced on June 16, 2004, approximately one week prior to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). He received a 952-month sentence, consisting of 292 months on the drug convictions and a consecutive 660 months on the firearm convictions. On appeal, Wilkes challenges his sentence under United States v. Booker, 543 U.S. 220 (2005), arguing that the district court erred in its mandatory application of the sentencing guidelines.[1] We affirm Wilkes' convictions, vacate his sentence, and grant his motion to remand for resentencing.

This court reviews this claim for plain error, as Wilkes did not object in the district court to his sentence on the basis

_____

[1]We previously deferred ruling on Wilkes' motion to remand based on Booker. In his brief, Wilkes does not raise a Sixth Amendment argument under Booker. In fact, Wilkes argues the "reasonableness" standard applied to cases on appeal post-Booker. Because Wilkes was sentenced pre-Booker, this analysis is inapplicable. However, Wilkes has sufficiently stated a claim that the district court erred in treating the sentencing guidelines as mandatory.

of the mandatory application of the guidelines.  United States v. White, 405 F.3d 208, 223 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).  To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected the defendant's substantial rights.  United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).  If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

In White, while this court determined that imposing a sentence under the guidelines as mandatory was error that was plain, it further held that prejudice would not be presumed relative to such error.  White, 405 F.3d at 219-20, 224.  In determining whether the error affected the outcome of the district court proceedings, the court must consider, "whether 'after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error.'"  Id. at 223 (citations and footnotes omitted).  To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused

the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because "the record as a whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223 (citation omitted) (first alteration added), this court concluded the error did not affect White's substantial rights and affirmed the sentence. Id. at 225.

In this case, the district court sentenced Wilkes at the bottom of the guidelines range on the drug counts.[2] Because the court intimated that it would have imposed a lighter sentence if it were not bound by the guidelines on the drug convictions, the record provides a nonspeculative basis for concluding that the treatment of the guidelines as mandatory affected the district court's selection of the sentence imposed. See White, 405 F.3d at 223-25. Thus, we agree, and the Government also concedes, that Wilkes is entitled to resentencing consistent with Booker.

Accordingly, we affirm Wilkes' convictions, vacate his sentence, and grant his motion to remand for resentencing.[3] We

---

[2]Because Wilkes received the statutory mandatory minimum on the firearm counts, those sentences are not implicated by Booker.

[3]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Wilkes' sentencing. Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264 (Breyer,

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

---

J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. <u>Hughes</u>, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). <u>Hughes</u>, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.

- 5 -